Filed 7/7/16  P. v. Jimenez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D069128 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE344676) |
| PABLO SANCHEZ JIMENEZ, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Pablo Sanchez Jimenez's appointed appellate counsel has filed a brief asking this court to independently review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual Background*[1]

In early October 2014, the female victim in this case reported that a man named Pablo (Jimenez) came onto her property in Jacumba and threw a can of beer at her. Sheriff's deputies contacted the victim, who was bleeding from a laceration to the high cheek bone area on the right side of her face. The victim told the deputies that Jimenez arrived at her house on a bicycle as Roberto Rangel, a witness, pulled up in his car. The victim stated she did not like Jimenez and, when she told him to leave, he said, "Fuck you stupid fat bitch!" They exchanged words and then Jimenez threw his can of beer at her from six to 10 feet away. The can, which the deputies recovered, struck her in the face, causing the laceration. Rangel reported that Jimenez arrived at the victim's home as he (Rangel) pulled up in his car. He told the deputies that Jimenez entered onto the victim's property, the victim told Jimenez to get off her property, and Jimenez told her, "Fuck you you fat bitch!" and threw a can of beer striking her in the face. The victim went to the hospital, and Jimenez was later arrested.

B. *Procedural Background*

In February 2015 a jury found Jimenez guilty of (1) assault with a deadly weapon in violation of Penal Code[2] section 245, subdivision (a)(1)), as charged in count 2 of the

---

[1]     The appellate record does not contain the reporter's transcript of the testimony presented at the jury trial. The following summary of the facts is taken from the probation report, which was based in part on the San Diego County Sheriff's Department's report of the incident from which this case arose.

2

amended felony complaint; and (2) simple battery in violation of section 242, a lesser included offense of count 1 (§ 243, subd. (d) [battery with serious bodily]). The jury found to be true enhancement allegations in count 2 that Jimenez personally inflicted great bodily injury upon the victim within the meaning of section 12022.7, subdivision (a)); he personally inflicted great bodily injury upon the victim within the meaning of section 1192.7, subdivision (c)(8)); and he personally used a dangerous and deadly weapon within the meaning of section 1192.7, subdivision (c)(23).

During Jimenez's sentencing hearing on May 12, 2015, the court imposed but suspended execution of both a three-year middle prison term for his count 2 felony conviction and a consecutive three-year term for the true finding on the count 2 section 12022.7 enhancement allegation, for a total suspended sentence of six years in prison with credit for time served. Pursuant to section 654, the court stayed execution of sentence for Jimenez's conviction of the count 1 lesser included offense of misdemeanor battery. The court then placed him on three years' probation with various terms and conditions.

On July 28, 2015, the San Diego County Probation Department filed an ex parte supplemental report alleging Jimenez violated condition 6(i) of his probation by (1) failing to report to probation on July 1, 2015; and (2) failing to report to probation on July 15, 2015. The probation department requested that the court issue a no-bail bench warrant for Jimenez's arrest. The court issued the warrant and Jimenez was later arrested.

---

2      All further statutory references are to the Penal Code.

3

At the August 2015 probation revocation hearing, Jimenez admitted that he violated his probation by failing to report to the probation department as directed. The court formally revoked Jimenez's probation pending sentencing.

At the sentencing after revocation hearing on September 2, 2015, defense counsel asked the court to place Jimenez back on probation. The prosecutor opposed that request, arguing that Jimenez had two prior convictions for violation of a restraining order and he had committed two battery offenses. The court denied reinstatement of probation, and executed the suspended six-year prison sentence. The court stated:

> "It looks like back in June [2015], he perhaps had some good intentions. But since that time, there isn't any showing that he went to those programs after June 19th. And he then failed to report to probation when he was told to be there on July 1st. And after that point, he was just simply—essentially AWOL and didn't come back . . . until he was picked up on the warrant. So I don't see that Mr. Jimenez has invested much effort at all in trying to succeed on probation. The crime was very serious. The victim was seriously injured. And the People accurately point out his criminal history that does involve violence. He's also not a young man. He's not old, but he's not an 18 year old who sometimes have better excuses for why they're not quite getting their act together. [¶] So for all those reasons, I don't see a reason to give Mr. Jimenez another chance."

As pertinent here, the court ordered that the "$820 fine" was "deemed satisfied by custody credit."[3] The court also ordered the imposition of a previously-suspended probation revocation restitution fine of $300 (§ 12022.44), and imposed a suspended $300 parole revocation restitution fine (§ 1202.45). The court further ordered that "[t]he

---

3    This order is reflected in the court's minutes of the September 2, 2015 hearing.

credits fall under [section] 2933.1[4] in light of the [great bodily injury] enhancement, so that would be 237 [days] plus 35 [days] for a total of 272 days."

## DISCUSSION

Jimenez's appellate counsel has filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), summarizing the proceedings below and indicating he was unable to find any reasonably arguable issues for reversal or modification of the judgment on appeal.  Jimenez's counsel has identified four possible, but not arguable, issues under *Anders*:  (1) "Whether the trial court abused its discretion when it executed the suspended sentence of six years after [Jimenez] admitted the allegations?"; (2) "Whether the trial court properly imposed a parole revocation restitution fine pursuant to 1202.45, after it had executed the probation revocation restitution fine pursuant to section 12022.44?"; (3) "Whether the sentencing minute order properly reflects the trial court's verbal order that [Jimenez's] $820.00 criminal fine and penalty was satisfied by his custody credits?"; and (4) "Whether [Jimenez] was awarded the correct amount of custody credits?"

---

4      Section 2933.1 provides in part:  "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."  (§ 2933.1, subd. (a).)  Section 667.5, subdivision (c), provides:  "(c) For the purpose of this section, 'violent felony' shall mean any of the following:  [¶] . . . [¶] (8) Any felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 . . . ."  Here, as noted, the jury found to be true the enhancement allegation in count 2 that Jimenez personally inflicted great bodily injury upon the victim within the meaning of section 12022.7, subdivision (a).

We granted Jimenez permission to file a brief on his own behalf. He did not do so.

We have independently reviewed the record under *Wende* and considered the possible issues identified by Jimenez's counsel. We have found no reasonably arguable issues for reversal or modification of the judgment. Accordingly, we affirm the judgment. Jimenez's appellate counsel has competently represented him in this appeal.

DISPOSITION

The judgment is affirmed.

NARES, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.

6